## JEHU EVANS v. WILLIAM SWAIN.

High Court of Errors and Appeals. August, 1800.

*Wilson's Red Book, 291.*

*Horsey* for appellee. The decision of the Commissioners in Sussex on these *caveats* was made on the 29th October, 1795, which was before the Act of Assembly of February 9, 1796 [2 Del.Laws 1290], which, extending back to November, 1795, first authorized the Commissioners to mulct the party failing before them with their costs, and therefore the appellee ought not to pay those costs. We also contend that this court has no powers by that Act of Assembly [2 Del.Laws] 1290 to give costs accruing in this court, the Act clearly extends only to the Commissioners. The costs in this case, so far as relate to laying down pretensions, and attorney's fees, and witnesses before the Commissioners, are illegal. The Act [2 Del.Laws] 1290 has always been construed, at least by the Commissioners of Sussex, as embracing only the fees of Commissioners. The preamble of the Act and the latter part, s. 2, clearly show that the intention was not more extensive.

*Ridgely* and *Bayard* for appellant. So much of the costs as relate to the trial in the Supreme Court are governed by the agreement signed by counsel, which this Court, as Chancery does upon

a feigned issue, will compel the payment of. It is not correct to say that this cause has been "heard and tried," or that the appellee has "failed in his claim," until a decree is had here, and then the Act of Assembly [2 Del.Laws] 1290, will direct him to pay the costs; and this Act expressly extends to *caveats* "heretofore" entered as well as to those thereafter. The practice of the Commissioners in Sussex will not direct this Court in the construction of the Act as to what species of costs are governed by it, nor can the preamble, nor the affirmative language in the close of the second section do away the effect of such extensive expressions as, "that all expenses arising and accruing on the hearing and trial" etc. The Act [2 Del.Laws] 1290 does of itself authorize this Court also to decide on their own costs, for it does not confine the direction to all costs of trials etc. before the Commissioners, but to all costs of trials of *caveats* entered before the Commissioners, so that the hearing in this Court, being on appeal on such *caveat,* is within the letter of the Act. But this Court had authority independently of that Act to give costs; they are like a court of chancery when they sit on an appeal, and costs must be discretionary. This Court, on every decree heretofore passed upon an appeal from Commissioners, have decided the question of costs, and now it is said they have no such powers. The former Court of Appeals, and the Supreme Court, on appeal from the former Orphans' Court, no doubt always considered the question of costs discretionary, and yet were clothed with no such power by express Act of Assembly, but must have resorted to those powers for it by which they were constituted courts of appeals. And this Court are perhaps to be guided by the Constitution, Art. VI, s. 12.

*Wilson* for the appellee. We admit that the costs of the trial in the Supreme Court is governed by the agreement of counsel, and that, therefore, that part of the costs must be paid by appellee; though we might urge that such agreement, whatever it might do elsewhere, will not in this Court give a jurisdiction, unless costs are discretionary here, which we must deny. It is not necessary to observe on the Act [2 Del.Laws] 1290, for to every person who reads the second section it must appear to be confined to a hearing before the Commissioners. It speaks of but one hearing, and, where there are two on the same day, it apportions less costs on each to the Commissioners. From this Act, the Court in this case can derive no power as to their own costs, but, as they are to revise the decision of the Commissioners, they must see that the Commissioners act as to their costs according to the directions of this law in all cases to which it extends. Nor does the twelfth section of article VI of [the] Constitution of

1792 embrace this case, for (not to say that it only extends to the security given in the inferior court and gives a remedy there for those costs) it is evidently confined to appeals from the Chancellor and writs of error.

Equally unfounded is the position that costs here are discretionary in all cases by the original powers of the Court. Costs of suit at common law were recovered by neither party, the plaintiff failing was amerced for his false claim, and the defendant failing was taken for a fine for his misdemeanor. The Statute of Gloucester, Edw. I, c. 1, s. 2, *anno* 1278, first gave a plaintiff costs, and, since that, its operation has been extended by other statutes, Tidd Pr. 342. The defendant was allowed his costs in waste by the Statute [of] Marlbridge, 52 Hen. III, c. 6 (1268), but was not entitled to costs, except in one or two cases, until the year 1532. Costs were made discretionary in chancery by statute, 17 Ric. II, c. 6, *anno* 1394, 2 Com.Dig. 426. Costs, then, in no court is to be given, unless the court has authority by statute. The legislature of Great Britain, with regard to courts of law, never gave them any discretionary powers with regard to costs. The courts can only give a party costs when he is entitled to it by statute.

The Supreme Court and Common Pleas, having the powers of the common law courts in England, and no other, in regard of costs claim no discretionary power but are directed by those statutes and our own Act of Assembly. And as the Act [2 Del. Laws] 1290, being made for the Commissioners, cannot extend to this Court, so the Statutes of Gloucester and Marlbridge did not extend to the same causes removed by writ of error. Costs were first given on writs of error, *anno* 1488. And by those statutes which govern the King's Bench or Exchequer Chamber in cases of error, this Court are also governed and have no discretion in such cases, but must give or withhold as they are directed by law. This Court, upon an appeal from the Chancellor, by Art. VII, s. 2, of [the] Constitution [of] 1792, must pass such decree as he should have passed, and therefore the costs of that court are discretionary here. There is no statute or Act of Assembly making the costs of this Court discretionary, in the present case, unless Art. VI, s. 12, should have that effect, which perhaps extends no further than to give the party prevailing a remedy for them, which is inconsistent with an idea of discretion with regard to them. Nothing can be safely inferred from the Parliament's giving costs upon an appeal from Chancery, for *Parliamentum omnia potest,* and could not be even bound by a law made by their predecessors.

What the practice of the Supreme Court was from the Orphans' Court is not very certain, nor of much importance; but 1 Del.Laws 539, compared with [1 Del.Laws] 92, 126, 377, shows that costs were not discretionary in the Supreme Court, but appellant, failing, was bound by bond to pay them. With regard to the practice of the former Court of Appeals, no doubt that court had, by the Act of February 2, 1788 [2 Body Laws 840], powers sufficiently ample, as they were by that law, to exercise all the powers that the king and council before the Revolution could exercise upon an appeal to them, whose authority as it regarded this colony was perhaps not examinable. As this Court has no discretionary power as to their own costs, either by a continuation of the powers of the former Court of Appeals, or by Constitution, or by Acts of Assembly, costs here must remain as by the common law, that is, each to pay his own costs. The Act [1 Del.Laws] 1290, which this Court will see carried into execution cannot apply to this case, its operation being fixed to a month later than the decision in these *caveats*. And, at all events, the charge of attorney's fees must be improper, as it does not appear that the Commissioners are constitutionally a court.

*Curia advisare vult.*

PER CURIAM. KILLEN, CHANCELLOR. The Court have considered the question of costs in the case of Evans against Swain, and we are of opinion that the appellant is entitled to no costs of appeal, but must be allowed the costs below, and also of the trial in the Supreme Court, which was had by agreement, because of the written agreement.

Present: BOOTH, C. J., [of] Common Pleas, CLAYTON, COOPER, RODNEY, and BASSETT. Absent: JOHNS, C. J., whose opinion I also understood to be accordant.